Hillsborough County Probate Court
No. 79-406

*In re* PENNY N.

April 22, 1980

*Janina Stodolski*, of Manchester, by brief, guardian *ad litem* for Penny N.

*Sulloway, Hollis & Soden*, of Concord, for the parents, waived brief and oral argument.

PER CURIAM. The question raised in this interlocutory transfer

by *Copadis*, J., is whether the probate court has jurisdiction over a case involving sterilization of a minor incompetent. We hold that it does.

The following facts are taken from a report filed by the minor's guardian *ad litem* in Hillsborough County Probate Court. Penny N., a fourteen-year-old girl, suffers from Downs Syndrome, severe psycho-motor retardation, heart disease and impaired hearing. Her intelligence level, that of a two-year-old, is unlikely to improve. She cannot speak or clothe and feed herself, and she is not toilet trained. Finally, she suffers from severe psychological problems that her doctors believe will be aggravated if she begins menstruation.

Penny N.'s doctors have apparently advised her parents that a hysterectomy should be performed in the near future. The doctors have refused to go forward, however, without a court order granting Penny's guardians permission to authorize the operation. As a result, Penny's parents have petitioned the Hillsborough County Probate Court for their appointment as guardians for the purpose of signing a surgery consent form. The court appointed an independent guardian *ad litem* to investigate and report to the court. The guardian's report recommended sterilization. Before deciding the appointment issue, the court transferred without ruling the following question of jurisdictional law pursuant to Supreme Court Rule 9: "Does the Probate Court have the necessary authority to appoint a Guardian for the sole purpose of signing a medical consent for a hysterectomy if it is found to be in the best interest of the ward?"

In our opinion the transferred question, as formulated, does not precisely fit the facts of this case. There is no need to appoint Penny's parents as her guardians. RSA 463:4 provides in part:

> *Parents' Rights.* The father and mother of *every unmarried minor child* are joint guardians of the person of such child. . . .

(Emphasis added.) Furthermore, this court has recognized that parental rights relating to custody and care of minor children occur naturally in our society and are prior to the State itself. *State v. Robert H.*, 118 N.H. 713, 393 A.2d 1387 (1978). It cannot be denied that parents have the duty to recognize a child's symptoms of illness and to seek and follow medical advice. *Parham v. J. R.*, 442 U.S. 584 (1978). It is proper that this duty should fall

primarily to parents. The law has long recognized that usually "natural bonds of affection lead parents to act in the best interests of their children." *Id.* at 602; 2 J. KENT, COMMENTARIES ON AMERICAN LAW 190. Because RSA 463:4 and our common law require the conclusion that Penny's parents are already her guardians, we read the transferred question to inquire whether in this case the probate court has jurisdiction to authorize Penny's guardians to consent to her sterilization. The answer is yes.

In 1979, the legislature enacted RSA ch. 464-A, which replaced RSA chs. 462 and 464 and substantially revised this State's guardianship law. RSA 464-A:25 I(c) provides that the guardians of incapacitated persons "may give any necessary consent or approval to enable the ward to receive medical . . . care," but "no guardian may give consent for . . . sterilization . . . unless the procedure is first approved by order of the probate court." As we have said, Penny's parents are her guardians. It is also clear that Penny is an "incapacitated person" within the meaning of the statute. RSA 464-A:2 XI. The probate court, therefore, has jurisdiction in this case.

Though RSA ch. 464-A places the issue of the sterilization of incapacitated persons at the door of the probate court, it is silent on the issue of applicable standards. The question remains, "What must the probate judge do before he approves a sterilization?" The New Jersey Superior Court recently addressed this question in *In the Matter of Lee Ann Grady*, 170 N.J. Super. 98, 405 A.2d 851 (1979), a case factually similar to the one at bar. We generally approve of the reasoning of that case and hold that before a probate court may, under RSA 464-A:25, approve a sterilization it must first appoint an independent guardian *ad litem* to act as counsel for the "incapacitated" ward, with full opportunity to present proofs and cross-examine witnesses. At a hearing, medical testimony and all other relevant testimony and records must be presented to the court. The court must be satisfied that the ward is "incapacitated" within the meaning of RSA 464-A:2 XI and suffers a "developmental disability" within the meaning of RSA 171-A:2 V and that the applicants have demonstrated their good faith and that their concern is for the best interest of the ward.

We believe, in the absence of any legislative determination to the contrary, that the "clear and convincing" standard of proof should apply in this kind of case. "Preponderance of the evidence"

does not sufficiently protect Penny's interest in preserving her physical integrity. On the other hand, "beyond a reasonable doubt" is overprotective. That standard is reserved for criminal cases and situations in which the potential result is loss of liberty, *see, e.g., Proctor v. Butler,* 117 N.H. 927, 380 A.2d 673 (1977); RSA 464-A:25 I(a), or the permanent and stigmatizing loss of one's parental rights, *State v. Robert H. supra.* It would be inappropriate in a proceeding in which the overriding consideration is the incapacitated person's best interest, *In the Matter of Lee Ann Grady supra,* and in which no loss of liberty or stigmatization will result. We therefore take a middle course and hold that "clear and convincing evidence" is the proper standard to be applied. *See Addington v. Texas,* 441 U.S. 418 (1979).

■ If all of the above procedural requirements have been followed, we hold that a probate judge may permit a sterilization after making specific written findings, from clear and convincing evidence, that it is in the best interests of the incapacitated ward, rather than for the parents' or the public's convenience, to do so.

*Remanded.*